DIANE J. HUMETEWA
United States Attorney
District of Arizona

JOHN BOYLE
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 015640
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-08-00764-001-PHX-NVW |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| Bryan Andrew Kreskow, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, Brian Andrew Kreskow, hereby agree to the following disposition of this matter:

**PLEA**

Defendant will plead guilty to Count 4 of an Indictment charging defendant with Transactional Money Laundering, in violation of Title 18, United States Code, Section 1957, a Class C felony offense.

1. **MAXIMUM PENALTIES**

    a.  A violation of Title 18, United States Code, Section 1957 is punishable by a maximum term of imprisonment of ten years and a maximum term of supervised release of three years. The court may impose either a maximum fine of $250,000.00 or a fine up to twice the amount of the criminally derived property involved in the transaction.

    b.  According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:



(1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

(2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

(3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

c. Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $ 100 special assessment upon conviction for the charged crime.

2.      **AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence in this case shall not exceed nine (9) months imprisonment.

b. <u>Stipulation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the Defendant will waive the Fifth Amendment privilege against self-incrimination and if called <u>by any party</u> will testify at a civil or criminal trial, retrial or post-trial hearing involving Abdul Salih.

c. <u>Recommendation-Acceptance of Responsibility:</u> Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the Guidelines. If the defendant has an offense level of 16 or more, the

1 United States will recommend an additional one-level reduction in the applicable sentencing
2 guideline offense level, pursuant to Section 3E1.1 of the Guidelines

    d.    <u>Recommendation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend the defendant be sentenced to a term of probation.

    e.    Defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

    f.    If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), and the government an opportunity to withdraw the guilty plea.

## 3. AGREEMENT TO DISMISS OR NOT TO PROSECUTE

    a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss the following charges: Counts 1,2,& 3.

    b.    This office will not prosecute the defendant for any offenses committed by the defendant, and known by the government, in connection with this money laundering investigation conducted by IRS and FBI concerning the years 2005-2007. The Defendant understands that if he fails to follow the terms of Section 2(b) of this plea agreement, the government will be free to prosecute the defendant for charges related to this investigation, including counts dismissed in this indictment.

    c.    This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

## 4. WAIVER OF DEFENSES AND APPEAL RIGHTS

Providing the sentence is consistent with this agreement, the defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information; (2) any right to file an appeal, any collateral attack, or any other writ or motion that challenges the conviction, the Court's entry of judgment against

defendant, or the imposition of sentence, including the manner in which the sentence is determined, including but not limited to an appeal under Title 18, U.S.C., Section 3742 and motions under Title 28, U.S.C., Sections 2241 and 2255. The defendant acknowledges that if the court has sentenced defendant according to the terms of the agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction or sentence in this case.

5. **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

6. **REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

The Defendant understands that if he fails to follow the terms of Section 2(b) of this plea agreement, the government will be free to prosecute the defendant for charges related to this investigation, including counts dismissed in this indictment.

7.   **DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

   a.   The defendant will cooperate fully with the United States Probation Office. Such cooperation will include providing truthful statements in response to questions posed by the Probation Department including, but not limited to:

   (1)   Disclosure of all criminal convictions, history of drug abuse, and history of mental illness; and

   (2)   All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.   **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a.   Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

   b.   Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**ELEMENTS**

Count 4: On and about November 9, 2006, in the District of Arizona:

1.   The defendant knowingly engaged or attempted to engage in a monetary transaction;
2.   The defendant knew the transaction involved criminally derived property;
3.   The property had a value of greater than $10,000;
4.   That the property was, in fact, derived from bank fraud; and
5.   The transaction occurred in the United States.

**FACTUAL BASIS**

I further admit the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On November 9, 2006, in the District of Arizona, Brian Andrew Kreskow, knowingly engaged in a monetary transaction, that affected interstate commerce, through financial

institution Countrywide Home Loans in criminally derived property of a value greater than $10,000. The property was criminally derived by committing bank fraud, in violation of 18 U.S.C. § 1343.

Specifically, on October 12, 2006, in Maricopa County, Arizona, the Defendant applied for and received a loan in the amount of $247,920.00 from Countrywide Home Loans. The defendant caused Countrywide to wire the proceeds of this loan ($225,789.08) to an escrow account with America's Wholesale Lender. Countrywide conducted this monetary transaction on November 9, 2006, by means of a wire deposit from New Jersey to Arizona. In order to qualify for the loan, the Defendant signed the October 12, 2006 loan application knowing that it incorrectly listed his income as $7,000 per month. In fact, the defendant knew that his income at this time was less than $3,500 per month. Countrywide funded the loan based on the defendant's fraudulent application.

The defendant's loan permitted the Defendant to purchase real property located at 21634 North 30th Lane, Phoenix, Arizona. The defendant entered into an agreement with Abdul Salih regarding the management of this property. Included in the terms of the agreement : Abdul Salih would manage the property and its upgrades, collect rentals, provide funds to Kreskow for the monthly mortgage payments, and in return the defendant agreed to make monthly mortgage payments and split future real estate profits with Salih.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty,

6

to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the Sentencing Guidelines are only advisory and that the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction unless there are stipulations to the contrary. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

I have carefully reviewed every part of this agreement with my attorney. I understand it, and I voluntarily agree to it.

12-3-08
Date

Brian Andrew Kreskow
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

12-5-08
Date

THOMAS HANEY
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

12-5-08
Date

JOHN BOYLE
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

2-18-09
Date

NEIL V. WAKE
United States District Judge